UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                             No. 02-4517

CLINTON GREEN, a/k/a Blue,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, District Judge.
(CR-95-97)

Submitted: February 27, 2003

Decided: March 14, 2003

Before MOTZ and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Herbert L. Hively, II, Hurricane, West Virginia, for Appellant. Kasey Warner, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Clinton Green was convicted by a jury in 1995 of possession with intent to distribute cocaine base. He was originally sentenced to 168 months imprisonment, followed by five years of supervised release. Green's sentence was later reduced, pursuant to Fed. R. Crim. P. 35(b), to 84 months imprisonment, with credit for time served, followed by five years of supervised release.

Green completed his sentence and began his term of supervised release in July 2000. On October 6, 2000, the district court revoked Green's supervised release and sentenced him to ten months imprisonment, followed by twenty-six months of supervised release. Green served the ten-month term and again began a term of supervised release.

In March 2002, a second petition was filed to revoke Green's supervised release, alleging a Grade A violation. The district court revoked Green's supervised release and sentenced him to fifty months imprisonment. On appeal, Green argues that, under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the district court lacked jurisdiction to sentence him to a term of incarceration greater than the statutory maximum applicable to an underlying conviction for an unspecified drug amount. We affirm.

Under 18 U.S.C. § 3583(e)(3) (2000), a defendant whose supervised release term is revoked is subject to a maximum of five years in prison if his underlying offense was a Class A felony; a maximum of three years for a Class B felony; and a maximum of two years for a Class C felony. With regard to Green's underlying conviction, if the specific drug quantity necessary for an increased sentence under 21 U.S.C. § 841(b) (2000) was not sufficiently set forth, he was subject only to a maximum of twenty years under § 841(b)(1)(C). *See United States v. Promise*, 255 F.3d 150, 156-57 (4th Cir. 2001), *cert. denied*, ___ U.S. ___, 70 U.S.L.W. 3724 (U.S. May 28, 2002). An offense with a twenty-year maximum is classified as a Class C felony, 18 U.S.C. § 3559(a)(3) (2000), and thus, upon revocation of supervised release, the maximum sentence of two years would be applicable.

Because Green failed to raise an *Apprendi* claim in his original sentencing proceedings, our review is for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). In order to demonstrate plain error, Green must show that an error occurred, that the error was plain, and that the error affected his substantial rights. *Olano*, 507 U.S. at 732. Even if Green can satisfy these requirements, we should not exercise our discretion to correct the error "unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Young*, 470 U.S. 1 (1985)).

Green's indictment did not allege that he possessed any particular amount of drugs. Therefore, he was only subject to a twenty-year maximum sentence for the underlying conviction and a two-year maximum sentence for revocation of supervised release. *See United States v. Carrington*, 301 F.3d 204, 209-10 (4th Cir. 2002); *see also* 21 U.S.C. § 841(b)(1)(C); 18 U.S.C. §§ 3559(a)(3), 3583(e)(3).

Thus, we find that Green's fifty-month sentence was error and that the error was plain. We need not decide, however, whether the error affected Green's substantial rights. Where the evidence is overwhelming and essentially uncontroverted as to the error, we will decline to correct it. *United States v. Cotton*, 535 U.S. 625 (2002). We have reviewed the record and conclude that the evidence of drug quantity, as presented at Green's trial, was overwhelming and essentially uncontroverted. Accordingly, because the drug quantity attributable to Green was sufficient to invoke the enhanced sentencing provisions of 21 U.S.C. § 841(b)(1)(B), we decline to correct his sentence.

Although we grant Green's motion to file a supplemental brief and have considered his arguments therein, we affirm his sentence. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*